**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3566-18T2

JORGE GARCIA, LEONOR
GARCIA, ALICIA GARCIA,
and JORGE GARCIA, JR.,
a minor by his g/a/l JORGE
GARCIA,

      Plaintiffs-Appellants,

v.

HARDY LAWRENCE
and U-HAUL, LLC[1],

      Defendants,

and

FARMERS INSURANCE
COMPANY[2],

      Defendant-Respondent.

_____

Submitted May 14, 2020 – Decided July 28, 2020

---

[1] 2013 U-Haul Titling 2, LLC was improperly pled as U-Haul, LLC.

[2] Mid Century Insurance Company was improperly pled as Farmers Insurance Company.

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3178-17.

Vlasac & Shmaruk, LLC, attorneys for appellants (Yelena Kofman-Delgado, of counsel and on the brief).

Hoagland Longo Moran Dunst & Doukas, attorneys for respondent Mid Century Insurance Company (Richard J. Mirra, of counsel and on the brief).

PER CURIAM

Plaintiffs Jorge Garcia, Leonor Garcia, Jorge Garcia, Jr. and Alicia Garcia appeal orders that barred their expert medical reports, granted summary judgment to defendants, Hardy Lawrence, 2013 U-Haul Titling 2, LLC (U-Haul) (improperly pled as U-Haul, LLC) and Mid-Century Insurance Company (Mid-Century) (improperly pled as Farmers Insurance Company), and then denied reconsideration of both orders. We affirm the orders.

Plaintiffs were involved in a motor vehicle accident in August 2015 with defendant Hardy Lawrence while he was operating a vehicle owned by U-Haul. At the time, plaintiffs were insured by defendant Mid-Century under a policy of insurance that included the limitation on lawsuit election, known as the verbal threshold. See N.J.S.A. 39:6A-8(a).

Plaintiffs filed a complaint in August 2017 against defendants alleging personal injuries that are permanent in nature. Plaintiffs' treating physician, a chiropractor, executed certifications pursuant to the Automobile Insurance Cost Reduction Act (AICRA)[3] that each plaintiff sustained permanent injury to their lumbar and cervical spines attributable to the motor vehicle accident with Hardy.

The discovery end date was August 27, 2018, but it was extended to October 26, 2018, by consent of all the parties. See R. 4:24-1(c). Plaintiffs filed a motion to extend discovery that was granted in part on October 12, 2018, extending discovery sixty days until December 25, 2018, but not 120 days as plaintiffs requested. The court also ordered plaintiffs to provide their expert reports by November 15, 2018, and defendants to provide their reports by December 1, 2018. An arbitration was scheduled for January 9, 2019.

Plaintiffs' medical expert, Dr. Sean Lager, examined plaintiffs in mid-October 2018. Plaintiffs did not serve expert reports by the November 15, 2018 deadline.

Before discovery ended, Mid-Century applied for a discovery extension based on "exceptional circumstances" and to adjourn the arbitration, but this

---

[3] N.J.S.A. 39:6A-1.1 to -35.

 A-3566-18T2

unopposed motion was denied on December 21, 2018. To that point Mid-Century did not have an expert or conduct depositions.

Plaintiffs' counsel received reports from Lager on January 7, 2019, and served them on defendants on January 8, 2019, with a certification from counsel under Rule 4:17-7. Although the reports were dated October 18 and 19, 2018, counsel certified the reports were served "immediately" once received, that any delay was "unintentional" and did not create "any discernable prejudice" for defendant, and the information was "not reasonably available . . . by the exercise of due diligence prior to the discovery end dates." The reports alleged plaintiffs sustained permanent injuries attributable to the motor vehicle accident.

The arbitration was conducted on January 9, 2019, finding defendants Hardy and U-Haul liable for the accident.

On the same day as the arbitration, Mid-Century filed a motion to bar plaintiffs' expert reports or in the alternative to reopen discovery for exceptional circumstances. Plaintiffs opposed only the part of the motion requesting to bar their expert reports, arguing they provided Lager's reports as soon as they had become available.

On January 25, 2019, the court issued an order that barred plaintiffs' expert reports because they were not provided until after the discovery end date and

did not have a Rule 4:17-7 certification from plaintiffs' counsel. Also, counsel did not explain why the reports were dated October 2018 but not served until January 9, 2019.

On January 3, 2019, prior to the arbitration date, Mid-Century also filed a motion for summary judgment, alleging plaintiffs were subject to the verbal threshold, but that they had "not provided certifications of permanency or medical narrative reports from any of their treating doctors. . . ." In response plaintiffs supplied the AICRA certifications and attached copies of Lager's reports. The summary judgment motion was granted February 15, 2019 Because plaintiffs' expert reports were barred, the court found plaintiffs had "no . . . objective credible medical evidence that any of these people have sustained a permanent injury under the statute." The chiropractor's AICRA certifications did not say he actually saw the MRI films. Also, precedent did not support using the AICRA certifications as evidence to satisfy the verbal threshold.

Plaintiffs filed motions to reconsider the order barring experts and granting summary judgment. Regarding the orders, counsel submitted a certification explaining she had submitted due diligence certifications under Rule 4:17-7 when she served the expert reports, that plaintiffs' counsel did not receive the reports until January 7, 2019 and then served them the next day.

5

Plaintiffs' counsel claimed to be diligent in pursing discovery. She attached an email by a member of Lager's staff that showed the date the expert reports were transmitted.

The court denied reconsideration of both orders. With respect to the order barring expert reports, the court clarified it had not barred the reports because of a failure to provide a certification under Rule 4:17-7, but barred the reports because of the late filing and because the Rule 4:17-7 certification did not provide "a sufficient explanation for the delay." The court did not "find [p]laintiffs' argument that the expert's report dated October 19, 2018, was not completed and furnished until January 7, 2019, a valid explanation without further evidence of the delay specifically when all the records and information required for the report ha[d] been provided by October 19, 2018." With respect to reconsideration of the summary judgment order, plaintiffs' expert reports were barred and therefore the court found the motion was "moot as no additional expert reports/testimony may be introduced at the time of trial." The court could not consider Lager's reports because the AICRA certification did not raise a genuine issue of material fact. Plaintiffs appealed both the orders, dated March 15, 2019 and March 29, 2019. Plaintiffs' case was dismissed on April 17, 2019.

On appeal, plaintiffs contend the order barring plaintiffs' expert reports was a mistaken exercise of discretion because their attorney failed to meet the deadline and because the report was critical to the plaintiffs' case. They argue counsel's failure should have been treated as a discovery violation under Rule 4:23-5 instead of dismissing the case. Plaintiffs also contend the reports were served consistent with Rule 4:17-7. They claim the court's order barred critical evidence, and that prejudice to them outweighs any prejudice to defendants. Dismissal should have been a sanction of last resort. Plaintiffs argue the court erred by granting summary judgment because there were disputed issues of fact.

Our review of discovery orders is generally made under the abuse of discretion standard, meaning "whether the trial court mistakenly exercised its discretion in denying plaintiff's motion for an extension of the discovery period under [Rule] 4:24-1(c)." Huszar v. Greate Bay Hotel & Casino, Inc., 375 N.J. Super. 463, 471-72 (App. Div.), rev'd on other grounds, 185 N.J. 290 (2005). Normally, we "defer to the trial court's disposition of discovery matters . . . unless the court has abused its discretion. When the trial court's order is based on a mistaken understanding of the applicable law, however, such deference is inappropriate." Spinks v. Twp. of Clinton, 402 N.J. Super. 454, 459 (App. Div. 2008) (internal quotations and citations omitted).

The trial court did not abuse its discretion by barring plaintiffs' expert reports. The reports were served after the discovery deadline and well beyond the deadline for service of expert reports. Plaintiffs served the reports without making a motion to extend the overall discovery deadline or the deadline to serve expert reports.

The court exercised appropriate discretion by holding the due diligence certification did not satisfy Rule 4:17-7. Under that Rule,

> amended answers [to interrogatories] shall be served not later than 20 days prior to the end of the discovery period . . . . Amendments may be allowed thereafter only if the party seeking to amend certifies therein that the information requiring the amendment was not reasonably available or discoverable by the exercise of due diligence prior to the discovery end date. In the absence of said certification, the late amendment shall be disregarded by the court and adverse parties. Any challenge to the certification of due diligence will be deemed waived unless brought by way of motion on notice filed and served within 20 days after service of the amendment. Objections made thereafter shall not be entertained by the court.

Plaintiffs due diligence certifications did not explain why the reports dated October 2018 were served in January 2019, contrary to the discovery and the expert report deadlines. The certification did not explain why the reports could not have been obtained earlier, what efforts were made to obtain them or why

plaintiffs were not examined until just nine days prior to the date when the court ordered reports to be served.

The January 9, 2019 arbitration date was scheduled by the court's October 12, 2018 order. Plaintiffs did not appeal that order. Because there was an arbitration date, the exceptional circumstances standard applied to any request to extend discovery. See R. 4:24-1(c).

Rule 4:24-1(c) provides in part that "[n]o extension of the discovery period may be permitted after an arbitration or trial date is fixed, unless exceptional circumstances are shown." To extend discovery based on exceptional circumstances, a moving party must show:

> (1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.
>
> [Castello v. Wohler, 446 N.J. Super. 1, 25 (App. Div. 2016) (quoting Rivers v. LSC P'ship, 378 N.J. Super. 68, 79 (App. Div. 2005)).]

Plaintiffs did not ask to extend discovery after their September 2018 motion. Plaintiffs never specified what circumstances prevented them from

completing discovery or what factors were beyond their attorney's control. They did not explain how counsel was diligent or why an extension was not requested before the December 25, 2018 deadline. Defendants were prejudiced by the late service of the reports at the arbitration because they had no opportunity to present a defense against reports produced that same day and where the arbitrator found in favor of plaintiffs. On this record, the court did not abuse its discretion in barring the reports.

The trial court also did not abuse its discretion by denying plaintiffs' motion for reconsideration. Our review of a reconsideration order is limited. State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015). Reconsideration is not appropriate merely because a litigant is dissatisfied with a decision. D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). Reconsideration is appropriate only where "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid.

Plaintiffs' motions for reconsideration largely restated their prior arguments. The certification submitted still did not explain what actions were

taken to obtain the reports earlier or why a motion was not made to extend deadlines. The court did not abuse its discretion in denying these motions.

The trial court granted defendant's summary judgment motion because plaintiffs could not prove they satisfied the verbal threshold without a medical expert.

We review a trial court's order granting or denying summary judgment under the same standard employed by the motion judge. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). The question is whether the evidence, when viewed in a light most favorable to the non-moving party, raises genuinely disputed issues of fact sufficient to warrant resolution by the trier of fact, or whether the evidence is so one-sided that one party must prevail as a matter of law. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

In order to satisfy the limitation-on-lawsuit or "verbal threshold" of AICRA, plaintiff must submit a physician's certified statement that "the automobile accident victim suffered from a statutorily enumerated injury." Davidson v. Slater, 189 N.J. 166, 181 (2007) (citing N.J.S.A. 39:6A-8(a)). One

type of qualifying injury is a "permanent injury[4] within a reasonable degree of medical probability." N.J.S.A. 39:6A-8(a). The doctor's certification must be based on "objective clinical evidence," N.J.S.A. 39:6A-8(a), meaning that the necessary objective evidence must be "derived from accepted diagnostic tests and cannot be 'dependent entirely upon subjective patient response.'" Davidson, 189 N.J. at 181 (quoting N.J.S.A. 39:6A-8(a)). The doctor's certification is to be served within sixty days from the defendant's answer or, if an extension is granted for good cause, within sixty days thereafter. N.J.S.A. 39:6A-8(a).

Without an expert who could give an opinion that there was objective medical evidence of a permanent injury within the meaning of the verbal threshold, plaintiffs could not satisfy that statute and summary judgment was appropriate.

Plaintiffs contend the AICRA certifications from their chiropractor should have been relied on as evidence there was a genuine issue of material fact about whether they could vault the threshold. However, the chiropractor's certification of permanency submitted to comply with N.J.S.A. 39:6A-8(a) does

---

[4] An injury is considered as permanent "when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." Davidson, 189 N.J. at 189 (citing N.J.S.A. 39:6A-8(a)).

A-3566-18T2

not establish prima facie evidence of a permanent injury either warranting a trial or precluding summary judgment.  Rios v. Szivos, 354 N.J. Super. 578, 584-85 (App. Div. 2002).  Nor was there any proof the certifying chiropractor looked at the MRI films.

The trial court also properly denied the motion for reconsideration of the summary judgment order.  Plaintiffs did not present any argument that would satisfy this standard.

After carefully reviewing the record and the applicable legal principles, we conclude that plaintiffs' further arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3566-18T2